19442

Stella Marie McNAUGHTON, Appellant, v. John R. McNAUGHTON, Respondent.

(189 S. E. (2d) 820)

*Messrs. Robinson, Paul & Belk,* of Charleston Heights, *for Appellant,*

*John R. McNaughton, Pro. Se.*

June 15, 1972.

LITTLEJOHN, Justice:

Stella Marie McNaughton was granted an absolute divorce from John R. McNaughton on the ground of desertion. The court denied her request for alimony and attorney fees, and she appeals.

The McNaughtons were married in 1943 and lived together until January 1, 1970. For 22 years the husband was engaged in the printing business in Charleston. During the last few years he would do the actual printing while his wife would take care of the office operations. The wife also operated a wedding and party shop, dealing in wedding invitations, party napkins, and similar items.

Over the years, an aura of incompatibility crept into the McNaughtons' relationship. On January 1, 1970, the husband moved out of their home and did not return.

Hans F. Paul, Esquire, of the Charleston bar was a friend and next door neighbor of the McNaughtons. Shortly after the husband's departure, both parties apparently turned to him for assistance in ironing out certain matters, including the distribution and settlement of their business and property interests. The following agreement was prepared by

Mr. Paul and was executed by the husband and wife on February 7, 1970:

## "PROPERTY SETTLEMENT AGREEMENT

"*Whereas,* the parties hereto are experiencing irreconcilable marriage difficulties, and the probabilities of a reconciliation are at least remote; and

"*Whereas,* the parties recognize that some distribution of the property of each must be made, and the ownership of other property must be determined. It is the desire of the parties hereto to, by the signing of this Agreement, take out of contemplation in any suit for divorce absolute or limited divorce, the hereinafter set forth; and

"*Whereas,* John R. McNaughton has heretofore done business as McNaughton Printing Company, with principal offices at 4262 Spruill Avenue, North Charleston, South Carolina, and in this regard, the business has acquired certain accounts receivable and equipment, merchandise, fixtures and appliances. The said Stella Marie McNaughton has heretofore, and continues, to do business as a party supply house and wedding consultant at the same address. In this regard, she has various supplies, merchandise, accounts receivable and payable; and

"*Whereas,* the parties own various and sundry real estate which the said John R. McNaughton is desirous of conveying to the said Stella Marie McNaughton.

"*Now, therefore,* in consideration of the mutual benefits and to relieve the said John R. McNaughton of any further financial responsibility to the said Stella Marie McNaughton, the parties hereto agree as follows:

"*First:* That the said John R. McNaughton does hereby sell, convey, setover, transfer and assign all of his right, title and interest in and to the business known as McNaughton Printing Company, including all accounts receivable and payable, all wares, merchandise, supplies, fixtures, equipment

and appliances, as will by reference to Exhibit 'A' more fully and at large appear. The same is made a part hereof.

"*Second:* The said John R. McNaughton does hereby release, quitclaim, remise and forever relinquish any right, title and interest in and to the business of the said Stella Marie McNaughton, as well as all wares, merchandise, supplies and equipment appertaining thereto.

"*Third:* The said John R. McNaughton does by separate Deed hereby convey all of his right, title and interest in and to that said Lease Agreement dated August 15, 1957, and recorded in the RMC Office for Charleston County in Book K-64, page 360. Reference is made to the said instrument which shall be executed simultaneously herewith and made a part of this Agreement.

"*Fourth:* The said John R. McNaughton does hereby assign, set-over, quitclaim, transfer and remise all of his right, title and interest in and to the household furnishings and effects situate within the premises heretofore occupied by the parties as their residence and described in the aforesaid Lease Agreement.

"*Fifth:* The said Stella Marie McNaughton does hereby release and discharge the said John R. McNaughton from any further financial responsibility until such time as a Court of competent jurisdiction determines the duties and responsibilities that each has to the other and in consideration of the conveyances herein effected.

"*Sixth:* The said Stella Marie McNaughton will not make claim for support and/or alimony before such time as a suit for divorce absolute or a limited divorce is instituted in a Court of competent jurisdiction, and the above provisions shall be considered and asserted as a defense to such claim.

"*Seventh:* Either party hereto is relieved one from the other of making any claim for financial assistance and/or support from the other and neither party shall assert any right thereto."

On May 13, 1971, the wife commenced this action in the Family Court for Charleston County. Her complaint alleged desertion by the husband and prayed for an award of an absolute divorce, alimony, and attorneys' fees. The husband's answer admitted the separation but denied that it was without cause or excuse or legal provocation.

The wife was awarded $100 temporary attorneys' fees and $100 per month support *pendente lite*. The case was heard on its merits by Honorable Robert R. Mallard who issued the decree granting the wife a divorce but denying her alimony or attorneys' fees. It is this denial of alimony that constitutes the chief issue on this appeal.

When a wife is awarded alimony, it is a substitute for the support which is normally incident to the marital relationship. And where the wife seeks alimony it is the duty of the court to make such award—an award that is fit, equitable, and just—if the claim is well founded. Code of Laws of South Carolina (1962) §§ 20-112, 20-113. Such matter rests within the sound discretion of the trial judge. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965). Nonetheless, even though circumstances might indicate that a wife is entitled to alimony as a matter of right, still there is nothing to prevent her relinquishment of such right. 24 Am. Jur. (2d) Divorce and Separation § 523 (1966).

The "Now therefore" paragraph and the "Seventh" paragraph of the Property Settlement Agreement indicate an intent on the part of the wife to relinquish her right to alimony. On the other hand, paragraphs "Fifth" and "Sixth" indicate that the wife did *not* intend to relinquish her right to alimony. The intent is not clear.

It became the duty of the lower court to interpret the contract. The question for our decision is: did the trial judge err in holding that "the plaintiff is not entitled to any further alimony or support money at this time?"

Judge Mallard made the following findings, which are set forth in the decree:

"I find that on February 7, 1970, the Plaintiff and Defendant entered into a property settlement agreement, the original of which is on file in this Court. The facts surrounding the 'Agreement' are in evidence. After reviewing and carefully considering the evidence in this case, I am convinced that the benefits derived by the Plaintiff, as a result of the Agreement, were substantial and sufficiently adequate to absolve the Defendant of any present financial responsibility. I have seriously considered the fact that the Plaintiff has some physical disability of her right arm, however, I found from the testimony that she has worked for many years in business with the Defendant, has performed her household duties and conducted other business apparently without substantial impairment to her ability to work. I find that the Plaintiff is presently operating a business and has obtained a commercial loan with which to make improvements to the real property as conveyed to her by the Defendant by virtue of the said Property Settlement Agreement. That the Defendant has been divested of his ownership in all property in favor of the Plaintiff as a result of the said 'Agreement', and that the only property now owned by the Defendant is an automobile.

"I find that the Plaintiff is financially able to pay permanent attorney's fees to her attorney.

\* \* \*

"I find that the Plaintiff's financial condition is more favorable than that of the Defendant and that she is not entitled to any further financial support from the Defendant."

The husband, in executing and complying with the agreement, relinquished forever his interest in the parties' two businesses, including the building, inventory, equipment, accounts receivable, and good will appurtenant thereto. In addition, the wife received the parties' automobile, house, and home furnishings.

On this appeal the wife is represented by counsel while the husband has appeared on his own behalf. Upon oral argument the husband and counsel for the wife were asked to estimate the value of the marital property. Counsel was unable to do so. The husband estimated the value, considering both businesses as going concerns, at $100,000. Such estimate was, no doubt, a gross exaggeration.

Apparently the trial judge found the consideration which the wife received under the agreement to be substantial. We cannot say that he erred.

Counsel for Mrs. McNaughton have raised two other issues on this appeal. Error is alleged in the trial court's rendering of its judgment without first having the trial proceedings transcribed. We find no merit in this contention.

Counsel also asserts error in the court's refusal to award attorneys' fees. The allowance of counsel fees is generally within the discretion of the trial judge. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302 (1969). We find no abuse of discretion in this matter.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.