19639

Jean J. SPENCE, Appellant, v. Charles W. SPENCE, Respondent
(197 S. E. (2d) 683)

*Messrs. Wofford and Snyder,* of Greenville, *for Appellant,*

*Messrs. McDonald, Cox & Stillwell,* of Greenville, *for Respondent,*

June 18, 1973.

LITTLEJOHN, Justice:

On August 4, 1972, the Family Court of Greenville County granted to the plaintiff-wife a divorce *a vinculo matrimonii* from the defendant-husband on the ground of adultery. *South Carolina Code § 20-101(1) (1962)*. The parties agreed that their four adopted children "shall have the right, from time to time, to live with the parent of their choice."

They elected to stay with their father, the defendant.

In his final order of November 1, 1972, disposing of the remaining issues, the judge held, "that the Plaintiff is not now in need of alimony in that she has sufficient income and wealth; whereas, the Defendant must provide for himself and the four children of the parties and is unable to pay alimony . . . . In the event there is a substantial change in the conditions of the parties, the Plaintiff shall be at liberty to petition the Court for an allowance of alimony at such time." The wife has appealed, alleging that the trial judge abused his discretion in failing to award alimony immediately, and erred in dealing with the disposition of certain personal property matters.

We construe the order of the judge as holding that the wife is entitled to alimony. We therefore concern ourselves only with the question of whether the circumstances of the two parties are such that alimony should not be paid at this time.

The allowance of alimony to a wife is provided for under South Carolina Code § 20-101 *et seq.* (1962). This Court has said the allowance of alimony in a divorce suit rests within the sound discretion of the trial judge and will not be disturbed on appeal unless abuse thereof is shown. See cases collected, 8 South Carolina Digest, Divorce, § 235

(Supp. 1972). In *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965), involving alimony for a wife granted divorce on the ground of adultery, this Court said it is the duty of the trial judge in a divorce suit to determine from the evidence whether alimony should be awarded and, if so, the amount thereof.

In deciding the alimony issue in a divorce suit, it is proper for the court to consider the wife's age, her general physical condition, her earning capacity, and her necessities. *Porter v. Porter, supra.* The parties' relative financial condition is a valid consideration. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963). It is also proper to consider the husband's necessities and living expenses. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970). It is important that the standard of living of the wife at the time of the divorce be considered. *Thompson v. Thompson,* 10 Rich. Eq. 416 (S. C. 1859). In *McNaughton v. McNaughton,* 258 S. C. 554, 189 S. E. (2d) 820 (1972), this Court stated: "When a wife is awarded alimony, it is a substitute for the support which is normally incident to the marital relationship."

The husband and wife, prior to their separation, owned as tenants in common a home, wherein they lived, on a 137 acre tract of land. Its value was roughly $160,000.00 and there existed a mortgage of approximately $50,000.00 thereon. The husband is a professional man, in good health and active in his business. His adjusted income for the year 1971 before taxes was $28,693.07. The return shows a net income after taxes of more than $24,000.00. The return also indicates certain depreciation advantages. He must support himself and the four children; it was also called to the attention of the Court in oral argument that he has again married.

In lieu of selling the homeplace in partition, the husband agreed to pay the wife $50,000.00 for her interest and retained the property for himself. He financed the $50,000.00 which he paid to her and is making payments on the debt.

The wife occupies a rented apartment and has now procured employment as a teacher, earning $8,000.00 per year. Her net income is $482.45 per month. She also has the advantage of income she may earn with the cash she received out of the sale of her interest in the jointly owned property.

It would appear obvious from the record that the wife has been accustomed to a higher standard of living during the marriage than she can maintain out of the resources now available to her.

It is apparent from the record that the lower court gave great weight to the fact that the wife received $50,000.00 from the sale of her portion of the former marital abode to the husband. While concluding the $50,000 increased the wife's net worth, the trial judge gave weight to the fact that the husband had an additional $50,000.00 mortgage obligation that amounted to additional expenses placed upon him by the court. We think it was unreasonable to weigh differently the results of the equal division of jointly owned property. The fact that the husband chose to buy the wife's half and thereby incur the additional debt should not weigh against the wife on the alimony issue. The settlement of the partition suit in this case should be a neutral consideration.

In exercising his discretion, a judge should obviously consider all of the facts disclosed by the evidence relative to the needs of the parties and the ability of each to supply his or her own needs. From a review of the whole record, we think the lower court abused its discretion and failed to properly determine the equities of the case. We therefore hold that the wife is entitled to have a proper amount of alimony determined and awarded.

The final question raised by the wife concerns personal property, proceeds from sale of cattle, and the payment of past due bills.

This appeal is from the final order dated November 1, 1972. It is apparent that under the previous order dated August 4, 1972, a popcorn popper was to go to

the husband; that order was not appealed from and this Court need not address itself to the question concerning the rightful owner of the popcorn popper. Likewise, under that order, a game and trunk now claimed by the wife were to go to the children. The first order closed the question; the game and trunk belong to the children.

The wife also argues that the judge abused his discretion in permitting the husband to substitute his name for that of the wife on a joint savings account with their son, Steve. Proceeds in the account arose by reason of the sale of cattle by Steve. Inasmuch as the husband has custody of Steve, we find no error in the judge's holding that the joint account should be with the husband instead of the wife.

The wife also argues that the judge improperly permitted the husband to deduct $110.00 from a temporary alimony payment. From a reading of the record, it is apparent that it was the intention of the judge that the wife pay Tires, Inc. $110.00 out of a $650.00 allowance or assume the responsibility for paying the same. Instead, the husband had to pay this $110.00 item because it was charged against him at Tires, Inc. We find no error.

During the course of the argument of this appeal, counsel for the wife requested upon remand that the lower court be instructed to determine an appropriate fee for the services he has rendered on the appeal, to be paid by the husband. It is appropriate that this request be granted. See *Herbert v. Herbert,* S. C., 194 S. E. (2d) 238 (1973).

The case is remanded to the lower court for determination of those issues as hereinabove required.

Affirmed in part; reversed in part; remanded.

Moss, C. J. and Lewis, Bussey and Brailsford, JJ., concur.