0440

Jessie M. JOHNSON, Respondent, v. Albert B. JOHNSON, Appellant.

(329 S. E. (2d) 443)

Court of Appeals

---

*James W. Corley,* Columbia, *for appellant.*

*Harvey L. Golden,* Columbia, *for respondent.*

Heard Feb. 28, 1985.

Decided April 16, 1985.

CURETON, Judge:

This is a divorce action. The family court awarded appellant Albert Johnson and respondent Jessie Johnson, each, a one-half equitable interest in the marital home but awarded its exclusive use and possession to Jessie Johnson

until she dies or remarries. The husband appeals and contends the court erred in failing to provide for equitable division of the marital home. We reverse and remand.

Both parties are in their late fifties and have been married for twelve years. They have no children born of the marriage. The husband receives $600 a month in military retirement pay and the wife works out of the marital home as a hairdresser. Her income varies from $49 to $249 a month. She suffers from hypertension and allergies related to products she uses in her work. There was evidence the marital home, which was the chief asset of the parties, had a value ranging from less than $60,000 to $64,000. There was no evidence of the parties' equity in the home although during oral argument, counsel for the husband stated the mortgage balance was approximately $24,000 at the time of the divorce hearing.

In addition to awarding the wife exclusive use and possession of the marital home, the family court ordered the husband to pay $300 a month permanent alimony and one-half the taxes, insurance and maintenance on the home.

The husband concedes that pursuant to Section 20-7-420(15) of the 1976 Code of Laws of South Carolina the family court had authority to award the wife exclusive possession of the marital home as an incident of support. He argues, however, that the award of exclusive possession to the wife "until she dies or remarries" leaves unsettled the legal and equitable rights of the parties upon the wife's death or remarriage and requires further litigation to determine the method and details of distribution.

In recent years, the question of how to dispose of the marital home upon divorce has become a major issue in divorce litigation in many jurisdictions. *See The Marital Home*, 1 Equitable Distribution Journal 145 (1984). Most often, the issue arises where there is a dependent spouse or children, the marital home is the main or sole asset of the marriage, and the parties will be financially strained in maintaining two households. On the one hand is the need of the dependent person for shelter and the fact that securing alternative adequate housing will be financially and perhaps emotionally difficult. On the other hand is the potential inequity of depriving the other spouse of the use of his share of his asset which he may need in starting a new life. The

issue is further colored by the court's desire to achieve a high degree of finality of the marital litigation. The friction from the unsuccessful marriage, coupled with the financial strains from the divorce, make continuing dealings between the parties difficult. With all this in mind, the family court is then called upon to exercise the wisdom of Solomon to divide the indivisible, equitably.

Beginning with the pronouncement in *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982), that family courts may grant a spouse possession of the marital home as an incident of support, our appellate courts have struggled to develop guidelines to aid the family court in determining the appropriate disposition to be made of the marital home. *See, e.g., Thompson v. Brunson*, — S. C. — , 321 S. E. (2d) 622 (S. C. App. 1984); *Shafer v. Shafer*, — S. C. — , 320 S. E. (2d) 730 (S. C. App. 1984); *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (1984); *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (S. C. App. 1984); *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984). These cases establish several basic principles.

First, the family court must begin with the premise that division and distribution of the marital home should be accomplished at the time of entry of the judgment of divorce. If possible, all issues between the parties should be resolved at that point so that disputes and irritants do not linger and present further incentives to litigation. The family court's objective should be to dissolve the marriage, sever all entangling legal relations and place the parties in a position from which they can begin anew. In most cases, the parting of the ways should be accompanied by clearly stated obligations for the future, put in monetary terms as far as possible.

Second, the court must carefully consider the claim of a party that the interests of that party or the children are so predominant, when balanced against the interests of the other, that an award of exclusive possession of the marital home is compelled. In *Thompson v. Brunson, supra,* and *Shafer v. Shafer, supra,* we noted some of the interests which may be considered compelling: (1) adequate shelter for minors; (2) suitable housing for a handicapped or infirm spouse; and (3) the inability of the occupying spouse to otherwise obtain adequate housing.

In this same context, the court must consider the interests of the non-occupying spouse. An award of exclusive possession to one party requires that the other defer the realization of the value of his share of the marital home. Such a requirement is usually a burden. Therefore, before the family court imposes such a burden, it should consider the size and expansiveness of the home in relation to the expected use and the cost of maintaining the home in comparison to the benefits received. Further, the court must consider the potential duration of the exclusive possession. The family court may not award exclusive possession of the marital home for an unlimited period of time. In the exercise of sound discretion, the court must make the award for a reasonable time based on the circumstances warranting the award in the first instance. *See Thompson v. Brunson*, 321 S. E. (2d) at 625.

Finally, the family court must make some provision in its order for eventual distribution of the marital home and state the terms upon which such distribution will be made.

The family court order in this case preceded the decisions noted above. In the order, the court did not (1) address the compelling reason it found for awarding the wife exclusive possession of the marital home, (2) established the value of the husband's interest in the home and consider the reasonableness of the period of time he is to be deprived of this interest, and (3) provide for eventual distribution of the home. For these reasons, the award of exclusive possession of the marital home to the wife is reversed and the case is remanded for proceedings consistent with our decision herein.

Reversed and remanded.

BELL and GOOLSBY, JJ., concur.