595 S.E.2d 837

**Cheryl Howard CRAIG, Appellant,**

v.

**William Rhett CRAIG, III, Respondent.**

**No. 3766.**

Court of Appeals of South Carolina.

Heard Feb. 11, 2004.

Decided March 22, 2004.

Rehearing Denied May 20, 2004.

550

Jean Perrin Derrick, of Lexington, and Stuart G. Anderson, Jr., of Greenville, for Appellant.

T. Preston Reid, of Greenville, for Respondent.

ANDERSON, J.:

The family court granted Cheryl Howard Craig (Wife) and William Rhett Craig, III (Husband) a divorce and divided the

marital property. The court set alimony and child support, ordered the marital home be sold and the equity evenly distributed, granted Wife a special equity interest in several nonmarital properties, and awarded Wife attorney's fees and costs. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

The parties were married in 1974, while Husband was in medical school. Soon thereafter, Husband commenced his service commitment to the United States Army and the couple was stationed in Alaska. They returned to Charleston, where Husband finished his medical residency. The parties later moved to Greenville, where they continue to reside. Husband and Wife have three children. At the time of the divorce, the oldest child lived at home as a result of injuries suffered in a childhood bicycle accident. The second child completed college, but was residing at home while searching for employment. The youngest child was a junior in high school and also lived at the marital residence.

Wife has a Masters Degree in nursing and has been employed as a critical care nurse. She has been fully employed for several years, though she worked part-time during a portion of the marriage. She earns approximately $60,000.00 per year. Husband is a partner in a medical group and specializes in internal medicine. While his income declined when his group separated, his income at the time of the hearing was approximately $200,000.00 per year.

The parties had significant marital property, including a house valued over $500,000.00 with equity of over $260,000.00, significant personal property, Husband's retirement account valued over $1.8 million, and savings and investment accounts. Husband had several nonmarital properties, which he inherited from his father. However, marital funds were used for some improvements on the property after the inheritance.

Wife filed this action for divorce and sought custody of the youngest child, division of the marital property, alimony, child support, and attorney's fees. Husband sought joint custody and admitted his responsibility to pay child support. Further, he sought equitable distribution of the property, including the marital residence.

By consent at a temporary hearing, Wife received sole custody of the minor child and retained use of the marital residence. Husband agreed to pay child support in the amount of $900.00 per month and the mortgage on the residence of $3,425.00 per month. Wife was allowed to withdraw $20,000.00 to defray costs of litigation and other expenses.

Husband admitted adultery prior to separation, and this was the basis for the divorce. The court concluded alimony of $500.00 per month was warranted. Wife was permitted to remain in the marital home until the youngest son graduated from high school. Until that time, she received $850.00 in transitional alimony. Once the son graduated, the marital home was to be sold and the equity divided evenly between the parties.

The court found nonmarital assets owned by Husband were not transmuted into marital property, but that Wife was entitled to a special equity in the property. The court concluded marital funds were used for improvements and awarded Wife a special equity of $8,036.78.

The court further divided the remaining marital property equally. Wife was given the furniture, two retirement accounts, a savings account, and her vehicle. Husband was awarded some furniture, several accounts, his vehicle, and the boat. Husband's retirement account was divided such that the ultimate distribution was equal.

After considering the fault of Husband in the divorce, as well as the other appropriate factors, the court concluded Wife was entitled to a contribution towards her attorney's fees and costs. She was awarded a total of $21,370.00, with Husband receiving credit for half of the $20,000.00 that Wife was allowed to withdraw from an account pursuant to the temporary order.

Wife filed a motion to alter or amend the court's judgment, pursuant to Rule 59(e), SCRCP. The court determined the personal property was properly valued for purposes of equitable distribution. The requirement that the marital home was to be sold was reaffirmed; however, the judge extended the time until the sale was required. Finally, the last major amendment was to the amount of alimony. The transitional alimony was set at $3,000.00 per month and was to be applied

to the mortgage and expenses of the marital home. It was set to continue until December 2003 when the marital home was to be offered for sale. At that time, the periodic alimony was ordered decreased to $875.00 per month.

## STANDARD OF REVIEW

In appeals from the family court, this Court has the authority to find the facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992); *O'Neill v. O'Neill,* 293 S.C. 112, 359 S.E.2d 68 (Ct.App.1987). This broad scope of review does not, however, require this Court to disregard the factual findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Woodall v. Woodall,* 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).

## ISSUES

I. Did the trial court err in failing to award sufficient permanent periodic alimony?

II. Did the trial court err in failing to award Wife ownership of the marital residence instead of requiring its sale?

III. Did the trial court err in failing to award Wife a sufficient special equity interest in Husband's nonmarital property?

IV. Did the trial court err in failing to properly value the personal property for inclusion in the equitable distribution?

## LAW/ANALYSIS

### I. Alimony

 Wife maintains the trial court erred in awarding transitional alimony and not awarding a greater amount of permanent periodic alimony given the financial status of the parties and the lifestyle to which Wife was accustomed. We agree. Luculently, the dissolution of the marriage in this case resulted from the fault of the Husband. The Husband committed

adultery pre-separation of the Husband and Wife. The adultery committed by the Husband destroyed this marital relationship. Indubitably, the Husband is at fault.

An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion. *Dearybury v. Dearybury,* 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002); *Sharps v. Sharps,* 342 S.C. 71, 79, 535 S.E.2d 913, 917 (2000); *Hatfield v. Hatfield,* 327 S.C. 360, 364, 489 S.E.2d 212, 215 (Ct.App.1997). "Alimony is a substitute for the support which is normally incident to the marital relationship." *Spence v. Spence,* 260 S.C. 526, 197 S.E.2d 683 (1973); *McNaughton v. McNaughton,* 258 S.C. 554, 189 S.E.2d 820 (1972); *Johnson v. Johnson,* 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988). "Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." *Allen v. Allen,* 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App. 2001); *accord Hickum v. Hickum,* 320 S.C. 97, 463 S.E.2d 321 (Ct.App.1995). "It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded." *Allen,* 347 S.C. at 184, 554 S.E.2d at 424 (citing *Woodward v. Woodward,* 294 S.C. 210, 217, 363 S.E.2d 413, 417 (Ct.App.1987)). The family court judge may grant alimony in an amount and for a term as the judge considers appropriate under the circumstances. S.C.Code Ann. § 20–3–130(A) (Supp.2003); *accord Smith v. Smith,* 327 S.C. 448, 462, 486 S.E.2d 516, 523 (Ct.App.1997).

Factors to be considered in making an alimony award include: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; as well as (13) other factors the court considers relevant. S.C.Code Ann. § 20–3–130(C) (Supp.2003); *Hatfield,* 327 S.C. at 364, 489 S.E.2d at 215. The court is required

to consider all relevant factors in determining alimony. *Epperly v. Epperly,* 312 S.C. 411, 415, 440 S.E.2d 884, 886 (Ct.App.1994); *see also Patel v. Patel,* 347 S.C. 281, 290, 555 S.E.2d 386, 391 (2001) (finding the trial court's denial of alimony was erroneous because the court did not address "several important factors" when determining no alimony should be awarded). No one factor is dispositive. *Lide v. Lide,* 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981). "Fault is an appropriate factor for consideration in determining alimony in cases where the misconduct affected the economic circumstances of the parties or contributed to the breakup of the marriage." *Smith,* 327 S.C. at 463, 486 S.E.2d at 523–24.

South Carolina law requires the court to award support sufficient to allow Appellant to maintain the standard of living the parties had themselves chosen and lived by during their marriage. The standard of living established during this marriage was very high. The parties lived in one of the most influential neighborhoods in Greenville; vacationed at the Husband's family lake house, which is in a gated community; enjoyed recreating on their boat; and drove luxury automobiles.

"Although rehabilitative alimony may be an appropriate form of spousal support in some cases, permanent periodic alimony is favored in South Carolina." *Jenkins v. Jenkins,* 345 S.C. 88, 95, 545 S.E.2d 531, 535 (Ct.App.2001). "Rehabilitative alimony may be awarded only upon a showing of special circumstances justifying a departure from the normal preference for permanent periodic support. The purpose of rehabilitative alimony is to encourage a dependent spouse to become self-supporting after a divorce." *Id.* (citing *Johnson,* 296 S.C. at 301, 372 S.E.2d at 114.).

In this case, the court concluded that Wife should receive $875.00 in permanent periodic alimony. We reject the finding by the trial court on permanent periodic alimony. His ruling completely overlooks the standard of living in place at the time of the separation of the parties. We award the Wife $3000 per month of permanent periodic alimony.

## II. Equitable Distribution

Wife contends the trial court erred in distributing the marital property. First, she maintains the court assigned an

incorrect valuation to the personal property, which was awarded to her. Second, she asserts the family court should have awarded her sole possession of the marital home instead of requiring it to be sold or her to purchase Husband's share.

The apportionment of marital property is within the discretion of the family court judge and will not be disturbed on appeal absent an abuse of discretion. *See Morris v. Morris*, 295 S.C. 37, 39, 367 S.E.2d 24, 25 (1988). South Carolina Code Ann. § 20–7–472 (Supp.2002) provides the family court must consider fifteen factors and give each weight as it determines. On review, this court looks to the fairness of the overall apportionment, and if the end result is equitable, the fact that this court might have weighed specific factors differently than the family court is irrelevant. *Johnson v. Johnson*, 296 S.C. 289, 300–01, 372 S.E.2d 107, 113 (Ct.App.1988); *Doe v. Doe*, 324 S.C. 492, 502, 478 S.E.2d 854, 859 (Ct.App.1996) (the reviewing court will affirm the family court judge's apportionment of marital property if it can be determined that the judge addressed the relevant factors under section 20–7–472 with sufficiency for the reviewing court to conclude the judge was cognizant of the statutory factors).

In this case, the overall distribution was fifty percent of the estate to each party. We find, given the statutory factors, that this distribution is fair and equitable. Given the length of the marriage, the value of the marital property, and the incomes of the parties, we find the trial court did not abuse its discretion in awarding an even distribution of the marital property.

### A. Personal Property Valuation

■ Wife argues the family court erred in its valuation of the personal property it awarded to her. She maintains the value assigned was much greater than the fair market value and does not have a proper basis in the record. We agree the family court erred in the value assigned to the property.

■ In dividing marital property, the family court must identify both real and personal property and determine the fair market value of the identified property. *Perry v. Estate of Perry*, 323 S.C. 232, 237, 473 S.E.2d 860, 863 (Ct.App.1996).

The value given personal property should be its fair market value. *Id.* at 238, 473 S.E.2d at 864.

The trial court found the value of the personal property in Wife's possession to be $185,743.00. The trial court took the value of the personal property off the Wife's declaration of property and then subtracted the value assigned to the furnishings in Husband's possession. However, the court did not adjust for the values of various bank accounts and other items also included in the delineation by Wife. The $195,000.00 figure offered by Wife clearly includes items such as vehicles and multiple savings and investment accounts, as these are not delineated separately on the declaration form. Additionally, Wife submitted a more detailed valuation of the property, which totaled $70,789.00. Finally, Husband's estimated valuation of the personal property totaled only $62,000.00.

We find the family court failed to make the proper adjustments in valuing the personal property assigned to Wife. The value is not the fair market value, as the figure used included items not awarded to Wife as part of the personal property. The only figures before the court that valued only the personal property were the $70,789.00 offered by Wife and the $62,000.00 offered by Husband.

We remand to the court for a determination of an accurate value of the personal property awarded to Wife. Additionally, the family court is instructed to maintain the fifty percent award for each party by making the necessary adjustments to the distribution.

## B. Marital Residence

Wife contends the family court erred in not awarding her the marital residence and instead requiring her to buy out Husband's share or sell the home.

In order to effect an equitable apportionment, the family court may require the sale of marital property and a division of the proceeds. *Donahue v. Donahue,* 299 S.C. 353, 384 S.E.2d 741 (1989); S.C.Code Ann. § 20–7–476 (Supp.2002) (providing that "[t]he court in making an equitable apportionment may order the public or private sale of all or any portion of the marital property upon terms it determines"). The court, however, should first attempt an "in-kind" distribution

of the marital assets. *Donahue*, 299 S.C. at 360, 384 S.E.2d at 745; *Stevenson v. Stevenson*, 295 S.C. 412, 368 S.E.2d 901 (1988). A family court may grant a spouse title to the marital home as part of the equitable distribution. *Donahue*, 299 S.C. at 360, 384 S.E.2d at 745. Pursuant to section 20–7–472(10) of the South Carolina Code, the court, in making apportionment, "must give weight in such proportion as it finds appropriate to all of the following factors: ... (10) the desirability of awarding the family home as part of equitable distribution." S.C.Code Ann. § 20–7–472(10) (Supp.2003).

Section 20–7–472 lists fifteen factors for the family court to consider when making an equitable apportionment of the marital estate. *Bowers*, 349 S.C. at 97, 561 S.E.2d at 616. The statute vests the family court with the discretion to decide what weight should be assigned to the various factors. *Id.* On review, this court looks to the overall fairness of the apportionment, and if the result is equitable, that this court might have weighed specific factors differently than the family court is irrelevant. *Id.*

The family court is to "carefully consider the claim of a party that the interests of that party or the children are so predominant, when balanced against the interests of the other, that an award of exclusive possession of the marital home is compelled." *Johnson v. Johnson*, 285 S.C. 308, 311, 329 S.E.2d 443, 445 (Ct.App.1985).

It is not equitable for the home to be sold and Wife required to move from the marital home. Based on our review of the evidence, we conclude the assets should be divided in-kind as follows:

HUSBAND:

| | |
|---|---:|
| Health Source | $ 15,000.00 |
| Timberwoods | 8,000.00 |
| IRA–Solomon | 21,990.19 |
| Prudential life cash value | 13,468.00 |
| Regions (Bank account 2) | 5,941.70 |
| IMA–Stock | 5,000.00 |
| Spotted Dog | 5,318.79 |
| Furniture | 29,642.00 |
| Boat | 1,000.00 |
| Dock | 5,250.00 |
| 1990 Jaguar | 7,825.00 |

| | |
|---|---|
| Solomon Smith Barney stock account | 91,196.27 |
| Tax Refunds | 5,233.00 |
| Accounts Receivable | 55,396.62 |
| IRA 401(k) | 982,453.48 |
| **TOTAL** | **$ 1,236,715.05** |

WIFE:

| | |
|---|---|
| House Equity | $263,262.53 |
| IRA | 20,153.00 |
| State Retirement | 11,376.00 |
| Regions Bank account | 14,837.00 |
| Furniture | 70,789.00 |
| 1992 Lexus | 8,275.00 |
| IRA 401(k) | 848,022.52 |
| **TOTAL** | **$ 1,236,715.05** |

In awarding the marital home to the Wife in the equitable distribution as outlined above, we rule that the Wife must pay the mortgage payment on the marital home.

## III. Special Equity

Wife contends the family court failed to award her a sufficient special equity in the nonmarital property inherited by Husband. She asserts the valuation of her work and the amount of marital funds used to improve the property were greater than that calculated by the trial court.

South Carolina Code section 20–7–473(5) allows a special equity for the increase in value of nonmarital property resulting from the material contribution of the nonowner spouse. The spouse is entitled to a special interest to compensate for the contributions made to the nonmarital property and for the marital funds used in the improvement of the nonmarital property. *See Murray v. Murray,* 312 S.C. 154, 159, 439 S.E.2d 312, 316 (Ct.App.1993).

The trial court in this case only considered the monetary contributions from marital funds. He made no allowance for Wife's contributions through her efforts or for any overall increase in the value of the property. If Wife's contributions increased the value of the property or if she put forth sufficient effort to result in a material contribution, this needed to be considered by the family court. We remand this issue to the trial court to properly consider the full extent of Wife's

contributions, the full amount of marital funds employed, and any increase in the value of the property resulting directly from the contributions of Wife.

## CONCLUSION

We find the amount of alimony provided by the family court was not sufficient and equitable. We conclude the overall apportionment of property at fifty percent to each party was appropriate. The trial court did err in requiring the sale of the marital home. We rule the family court erred in its valuation of the special equity to be awarded Wife, as it only considered the exact dollar amounts contributed and did not also take into consideration any work done by Wife or the increase in the valuation of the property as a result of Wife's contributions. We conclude the valuation of the personal property was in error. We hold the family court shall maintain the same fifty-percent equitable distributions, but must make such changes as necessary to the apportionment to adjust for changes in the valuation of the personal property consistent with this opinion. Accordingly, the decision of the family court is

**AFFIRMED in part, REVERSED in part, and REMANDED.**

HUFF, J., concurs.

CURETON, J., concurs and dissents in a separate opinion.

CURETON, AJ (Concurring and dissenting in part):

I disagree with the majority on the issues of the amount of alimony and the award to Wife of exclusive ownership of the marital home. I treat these issues together because they are so closely intertwined.

The apportionment of marital property is within the family court judge's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *Bowers v. Bowers,* 349 S.C. 85, 97, 561 S.E.2d 610, 616 (Ct.App.2002). S.C.Code Ann. § 20-7-472 (Supp.2002) lists fifteen factors for the family court to consider when making an equitable apportionment of the marital estate and vests the family court with the discretion to determine what weight should be assigned to each

factor. On review, this court looks to the overall fairness of the apportionment, and if the result is equitable, taken as a whole, that this court might have weighed specific factors differently than the family court is irrelevant. *Johnson v. Johnson,* 296 S.C. 289, 300–01, 372 S.E.2d 107, 113 (Ct.App. 1988).

The right of spouses to realize the benefits of equity in a marital home has always been guarded in this state. As the majority correctly points out, the family court is to "carefully consider the claim of a party that the interests of that party or the children are so predominant, when balanced against the interests of the other, that an award of exclusive possession of the marital home is compelled." *Johnson v. Johnson,* 285 S.C. 308, 311, 329 S.E.2d 443, 445 (Ct.App.1985). The rationale for scrutinizing such requests lies in the substantial burden upon the party who must defer realization of the value of his or her share of the marital home. *Morris v. Morris,* 335 S.C. 525, 534, 517 S.E.2d 720, 725 (Ct.App.1999).

Some, but not all, of the compelling interests the court may consider are: (1) adequate shelter for minors; (2) the inability of the occupying spouse to otherwise obtain adequate housing; (3) the size of the non-occupying spouse's equity in the home relative to his other assets or income; (4) the size of the home relative to the expected use and the cost of maintaining the home in comparison to the benefits received; and (5) the potential duration of the exclusive possession. *See Morris,* 335 S.C. at 534, 517 S.E.2d at 725.

The threshold issue in this case is whether the award of the house to Wife is required to maintain her standard of living or whether the award of the exclusive ownership of the house places too great of a burden on Husband. The trial judge concluded it was not essential to her standard of living to remain in the house, and I agree.

Factually, the house was acquired when the household consisted of five persons, the parties and their three children.[1]

---

1. At time of trial, the court found that Wife, the parties' oldest child Zackery age 27, and a minor child lived in the home. The court further found that all of the children had the benefit of educational trusts, from inheritances. Additionally, while Zackery suffered a head injury as a child in an accident, he "is capable of sole support and has other

The children are now emancipated and are not a factor in considering Wife's needs. The trial court properly allowed Wife the continued use of the marital residence while the youngest child was still in high school.

The house has five bedrooms, three and a half baths and over 5000 square feet. The trial court found that Wife had not demonstrated she had any practical need for a home the size of the marital home now that two children are completely emancipated.[2] The costs of ownership of a house that size for one person greatly outweigh any need or benefit obtained from allowing Wife to retain the property.

There is no indication Wife cannot find a suitable home in the same or similar neighborhood, while greatly reducing her monthly housing expenses. She testified that she enjoyed the safety offered by the neighborhood and the ability to walk the neighborhood pathways. However, she also admitted that other neighborhoods could offer just as much and be just as secure.

The trial court reasoned that the parties could sell the marital home and realize over $250,000 from its sale. Expert testimony provided that the parties could then split the equity and each could purchase another home for approximately $250,000 paying $125,000 down, and thereafter have housing expenses of approximately $1664.00 per month instead of the $4,441.00 per month expense on the marital home. The court further concluded that unitizing Wife's claimed expenses and adding to them the $1664.00 projected housing expense, her total expenses would be approximately $4,700.00 per month. Finally, the trial court concluded that by awarding Wife $875.00 per month in permanent alimony, she would still have approximately $600 per month left after paying her expenses. Wife's share of the equity in the home, coupled with her income, alimony, and the other assets she receives in the

resources to rely upon for his support." At oral argument, Wife's counsel informed the court that only Zackery continued to remain in the marital home. In any event there is no contention that Wife should be awarded the marital home to accommodate the parties' children.

2. The trial court concluded "[t] his ruling does not prevent [Wife] from buying [Husband's] interest in the house (using the agreed valuation) or on other terms mutually agreeable to them."

distribution will allow her to obtain more than sufficient housing and maintain her standard of living.

Questions concerning alimony rest within the sound discretion of the trial court, whose conclusions will not be disturbed on appeal absent a showing of abuse of discretion. *Dearybury v. Dearybury*, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002). An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support. *McKnight v. McKnight*, 283 S.C. 540, 543, 324 S.E.2d 91, 93 (Ct.App.1984). In appeals from family court, the appellate court has authority to find facts in accordance with its own view of the preponderance of the evidence. However, when an appellate court chooses to find facts in accordance with its own view of the evidence, the court must state distinctly its findings of fact and the reason for its decision. *Dearybury*, 351 S.C. at 283, 569 S.E.2d at 369.

Alimony is a substitute for the support that is normally incident to the marital relationship. Ordinarily, the purpose of alimony is to place the supported spouse, as nearly as practical, in the position of support he or she enjoyed during the marriage. Alimony should not dissuade a spouse, to the extent possible, from becoming self-supporting. *McElveen v. McElveen*, 332 S.C. 583, 599, 506 S.E.2d 1, 9 (Ct.App.1998). "Where, as here, a wife has been awarded a fair percentage of the marital estate, it is error to award her permanent alimony substantially in excess of her needs." *Woodward v. Woodward*, 294 S.C. 210, 217, 363 S.E.2d 413, 417 (Ct.App.1987). Such an award "is in the nature of a division of the husband's future excess income." *Id.*

The reason expressed by the majority for increasing Wife's alimony was to maintain her standard of living. It became clear during oral argument that but for the excessive mortgage payment Wife would be burdened with if she remains in the marital home, there would be no practical need for alimony in excess of the amount awarded by the trial court. Thus, the result of the majority's decision to award Wife the marital home is to artificially create a need for additional alimony to pay the expenses on the marital residence.

564

Clearly, Husband was at fault in the breakup of this marriage and should incur some penalty for his marital fault. The trial court provided significant marital assets to Wife and allowed her to maintain her standard of living without the extravagance of a home that is too costly for her needs. The award by the majority is excessive and unnecessary given her lifestyle and actual needs. As the trial court's order is structured, I fail to see an abuse of discretion in its award of alimony and the required sale of the marital home. I would affirm those awards.