**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Taylor, Appellant,

v.

Devin Dollard Taylor, Respondent.

Appellate Case No. 2014-000267

———————

Appeal From Williamsburg County
Gordon B. Jenkinson, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-341
Heard June 4, 2015 – Filed July 15, 2015

———————

**AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED IN PART**

———————

Kimberly Veronica Barr, of Ronnie A. Sabb, LLC, of
Kingstree, for Appellant.

Gregory B. Askins, of Askins Chandler & Askins, of
Hemingway, and Brooks Roberts Fudenberg, of Brooks
R. Fudenberg, LLC, of Mt. Pleasant, for Respondent.

———————

**PER CURIAM:** Eric Taylor appeals the family court's award of alimony and attorney's fees to Devin Dollard Taylor. We affirm in part, reverse in part, and remand in part.

1. As to Appellant's argument that the family court erred in failing to find adultery barred alimony to Respondent, we agree with the family court Appellant did not meet the burden of proving adultery and the evidence he presented was not credible. *See Griffith v. Griffith*, 332 S.C. 630, 639, 506 S.E.2d 526, 531 (Ct. App. 1998) (stating proof of adulterous conduct bars alimony); *Brown v. Brown*, 379 S.C. 271, 277-78, 665 S.E.2d 174, 178 (Ct. App. 2008) (finding proof of adultery must be by a clear preponderance of the evidence and it may be proven by circumstantial evidence that shows a disposition to commit the offense and the opportunity to do so); *Kennedy v. Kennedy*, 389 S.C. 494, 499, 699 S.E.2d 184, 186 (Ct. App. 2010) ("Based on this conflicting testimony, we believe the family court was in the best position to judge the witnesses' credibility and veracity on the issue of adultery"); *Brown*, 379 S.C. at 279, 665 S.E.2d at 179 ("Husband has the burden of proving Wife committed adultery. While Husband is not required to show direct evidence of the actual act, he must demonstrate Wife's inclination and opportunity to commit adultery." (internal citation omitted)).

2. As to Appellant's argument that the family court erred in its determination of the amount of alimony, we agree as we are unable to reconcile alimony in the amount of $700 per month with the financial declarations and other information in the record and with the factors set forth in South Carolina code section 20-3-130 (C) (2014). Accordingly, we remand to the family court to determine an amount supported by the evidence. *See* Rule 210(h), SCACR, (stating the appellate court will not consider any fact which does not appear in the record on appeal); *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("Alimony is a substitute for the support normally incidental to the marital relationship. Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." (internal citations and quotations omitted)); *Craig v. Craig*, 358 S.C. 548, 554-55, 595 S.E.2d 837, 841 (Ct. App. 2004) ("The court is required to consider all relevant factors in determining alimony.").

3. As to attorney's fees, because the outcome of the potential alimony modification may impact the award of these fees, we remand the matter to the family court. *See Roof v. Steele*, 396 S.C. 373, 390, 720 S.E.2d 910, 919 (Ct. App. 2011) ("Because we have remanded the issue of modification of alimony to the family court, we remand the issue of attorney's fees as well. The outcome of the alimony modification may impact the family court's award of attorney's fees.").

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED IN PART.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**