1143

Sylvia Claire Godwin HOPKINS, Appellant-Respondent v. Stephen Wayne HOPKINS, Respondent-Appellant.

(367 S. E. (2d) 714)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellant-respondent.*

*Evander G. Jeffords* and *Mary Layton Wells,* Florence, *for respondent-appellant.*

Heard March 14, 1988.

Decided April 25, 1988.

*Per Curiam:*

The appealed order, *inter alia,* granted the wife a divorce on the ground of one year's separation, barred both parties from alimony, identified and divided the marital assets and ordered the husband to pay $500 to the wife's attorney. Both the wife and husband appeal. We reverse and remand.

The issues of merit in this appeal are (1) whether the trial judge erred in identifying the marital assets by counting twice several assets belonging to businesses owned by the

husband, (2) whether the trial judge properly awarded the wife only 30 percent of the marital assets and the husband 70 percent, (3) whether the trial judge properly included in the marital estate real properties owned by the husband and his mother and acquired after the parties separated, (4) whether the trial judge properly denied alimony to the wife and (5) whether the award of $500 in attorney fees to the wife was proper.

The parties were married nineteen years. They have a teenage minor son and an adult daughter. The husband is self-employed in real estate and construction. The wife is a teacher. At the time of the hearing, both parties were forty years of age, in good health and gainfully employed. Neither party was found to be at fault in the dissolution of the marriage.

An appendix to the Transcript of Record summarizes the business assets owned by the husband. Included in each listing is the net value of each of the assets and the state of the title. The total net value of these assets is about $31,000. The trial judge properly included this value in the marital estate. In addition, however, he also included separately in the marital estate the values of these assets already accounted for in the valuation of the husband's business interests. Based on our review of the record, we hold that those items counted twice in the marital estate are as follows:

| Asset | Value |
|---|---|
| Office Building, 115 Acline Street and house and lot in Coward, SC | $21,800.00 |
| House and lot on Fairview Street | 13,300.00 |
| 29 acres in Florence County | 15,500.00 |
| House and lot in Williamsburg County | 4,000.00 |
| Lot on Dansing Street | 10,000.00 |
| 1984 Chevrolet truck | 4,990.32 |
| 1984 Jeep truck | 750.00 |
| 1973 International truck | 400.00 |
| Pewter collection | 750.00 |
| Office equipment | 3,500.00 |
| Contracts of Sale | 9,500.00 |
| TOTAL | $84,490.32[1] |

[1] Nothing in the record supports the wife's assertion that the $31,000.00, representing the value of the husband's business, reflected their values as a "going concern" rather than their liquidation values and thus no double

The trial judge awarded the husband his three businesses separately and in addition to all the above-listed assets except for the Dansing Street lot. As a result of the double counting of the above-listed assets, the respective shares allotted to the parties were miscalculated. We therefore remand the division of the marital property and that the double counting be corrected and the value of the husband's business assets be adjusted to account for the award of the Dansing Street residence to the wife. In addition, we remand for determination of the correct percentages of the marital assets awarded to the parties. We further hold that additional testimony is unnecessary to adjudicate the issues remanded and therefore remand with the instruction that the trial court base its redetermination on the information in the record.

The trial judge included in the husband's share of the marital assets an apartment complex valued at $19,750.00 and a house and lot valued at $7,750.00. The husband owns these properties with his mother and argues that they are not marital assets because they were acquired after the separation. We disagree. Under the Equitable Apportionment of Marital Property Act, property owned as of the date of commencement of the marital litigation is marital property. Section 20-7-473, Code of Laws of South Carolina (Cum. Supp. 1987). We further hold that the testimony supports the trial judge's valuations.

The wife has appealed the trial judge's refusal to award alimony to her. Both sides agree that a remand of the equitable division will necessitate a remand of the issue of alimony. Because, however, of the impact of the equitable distribution on the needs of the parties, we hold that the question of alimony should be reopened for additional testimony and findings of fact.

We likewise hold that the award of $500.00 in attorney fees, which both sides appealed, will have to be reopened for additional testimony and findings of fact after a redetermination of the other issues addressed in this opinion.

---

counting occurred. Furthermore, the trial judge made no distinction to this effect.

For the above reasons, the appealed order is reversed and remanded for a redetermination based on the record of the division of the marital assets, and for additional testimony and findings of fact on the wife's right to alimony and attorney fees.

Reversed and remanded.