1395

Shirley Ann SHANNON, Respondent-Appellant v. John Lee SHANNON, Appellant-Respondent.

(390 S. E. (2d) 380)

Court of Appeals

*Michael L. Brown, Jr.*, of *Samuel B. Fewell, Jr., P. A.*, Rock Hill, *for appellant-respondent.*

*Peter M. Perrill* and *David Vance Benson,* Rock Hill, *for respondent-appellant.*

Reheard Jan. 24, 1990.

Decided Feb. 26, 1990.

CURETON, Judge:

In this domestic action, the wife appeals the trial court's refusal to hold the husband in contempt of court and its failure to award her accrued child support. She also appeals the court's failure to award attorney fees. The husband appeals several aspects of the equitable distribution award. We affirm in part, reverse in part, and remand.

The parties have not included any testimony or exhibits in the record. We are thus compelled to rely on the admissions in the pleadings, unappealed findings of fact, and the case statement for an ascertainment of the facts. This poses some difficulty because much of the Statement of the Case does not assert agreed facts but simply states what the parties testified to. We glean the following agreed or admitted facts from the Statement of the Case, admissions in the pleadings, and unappealed findings of the trial court.

The husband and wife were married in 1962 and separated in 1977. They have one child, Kimberly, who reached the majority in 1980.

The marital home and adjoining lot were purchased in 1964 for $15,000. The 1977 appraised value of the house was $33,510. Subsequent to the separation of the parties, the wife made improvements to the house totaling $11,689.77. The value of the house in 1988, without these improvements, was $67,027. The estimated value with improvements is between $78,000 and $85,000. The house is already paid for or will be paid for in 1989.

The wife has lived in the house since the parties separated in 1977 and has made all mortgage payments. She has also paid all taxes, insurance, and repairs on the home since 1977.

A Rule Nisi and Summons was served on the husband in 1977. The husband was ordered to vacate the marital home and pay child support of $475.00 per month through the

Family Court.[1] No hearing was ever held. Neither party took further action until this suit was filed in April, 1987.

Custody of the daughter was apparently awarded to the wife in the 1977 Nisi order. However, both parties testified the daughter did not live with the mother but rather lived with her maternal grandparents in Charlotte, North Carolina, as she had done while the parties were living together. The daughter resided in Charlotte until reaching the age of majority. The wife was uncertain of the amount of support the husband paid the grandparents and admitted it could total $6,032.18. Wife admitted the husband paid tuition at Central Piedmont Community College for the daughter and contributed towards the daughter's tuition at the University of North Carolina at Charlotte.

The husband never paid any child support through the Family Court. Although the wife claims the husband paid her only $25.00 per week child support instead of the $475.00 per month due under the Nisi order she never raised the issue of child support arrearages prior to the commencement of this suit. On the other hand, the husband never moved to have his child support obligation reduced.

The wife claims the trial court did not rule on the child support or the contempt issues and did not consider her request for attorney fees. According to the husband, the lower court found the wife was not entitled to back child support thus eliminating the need for a ruling on the support issue. Since the wife was not entitled to back support, the court was not required to rule on the contempt according to husband. The trial court set the value of the house for equitable distribution purposes at the 1977 value of $33,514.00 and ordered the equity equally divided based on its value on the date of separation. As pertains to the per-

---

[1] This order was issued *ex parte*. It granted leave to the husband to move for a modification or vacation of any part of all of the order. At our request, counsel for the parties supplied copies of the pleadings to this court after oral argument. These pleadings include an answer and motion for modification filed by the husband. Apparently no hearing was ever held on this matter and the case was never tried.

sonal property of the parties, the Statement of the Case indicates "[t]he personal property was equally divided by agreement of the parties." The trial court order does not contain a certification that the order complies with former Rule 27(c) of the Rules of Practice of the Family Court.

## WIFE'S APPEAL

The wife first argues that by failing to require the husband to pay her back child support, the trial court retroactively modified the child support award. We disagree. Instead, we read the order as holding that no valid or enforceable support order was ever entered in 1977.

The husband alleged in his answer in the present action that "he was never under a valid order to pay child support." The trial court held the wife was not entitled to accrued child support pursuant to the Nisi order because (1) a "hearing was never held to determine [wife's] needs or [husband's] ability to pay" and (2) "nor has [wife] attempted to enforce the order until the commencement of this suit." The court noted the wife had accepted payments in a reduced amount and sent them to her parents with whom the child lived. It finally concluded that "[i]f anyone is entitled to child support it would be the [wife's] parents rather than the [wife]."

Our review of the wife's exceptions does not indicate she excepted to the trial court's implicit ruling that the 1977 Nisi order was unenforceable and/or invalid. An exception points out error by the trial court and without an exception we may not find error. *Odom v. County of Florence*, 258 S. C. 480, 189 S. E. (2d) 293 (1973). Likewise, a review of the wife's brief does not show she argued error in the trial court's ruling on the validity of the 1977 order. Failure to argue an issue in a brief amounts to an abandonment of that issue. *Moody v. McLellan*, 295 S. C. 157, 367 S. E. (2d) 449 (Ct. App. 1988).

The wife next argues the trial court's order violates Family Court Rule 27(c) because it fails to set forth salient facts on the issues of child support, attorney fees, and the husband's contempt of court. She also asserts error in the failure of the trial court to attach the required certificate of compliance. Former Family Court Rule 27(c) required family court judges to set forth the salient facts

upon which their orders are granted together with appropriate conclusions of law. The rule also required judges to attach to the order "his certificate that he verily believes that the order is in compliance with the requirements of Rule 27(c)...."

We hold that while the order should have been more detailed, reversal is not mandated. If we are able to decide from our review of the evidence whether the family court abused its discretion on an issue, failure of the trial court to comply with Rule 27(c) does not necessarily require a remand. *Patterson v. Patterson*, 288 S. C. 282, 341 S. E. (2d) 819 (Ct. App. 1986). Because the family court found the wife was barred from asserting her claim for child support arrears it did not need to address the amount of arrears or whether the husband should have been held in contempt of court for not paying the arrearage.

As to the court's denial of wife's claim for attorney fees, we find no error. She did not recover on her prayer for "[s]ole ownership, title and possession of the former marital home" nor did she succeed in having the husband held in contempt of court. Moreover, the court found the parties able to pay their respective attorney fees. The Statement of the Case indicates the parties have comparable gross incomes. There are no financial declarations in the record. The record on appeal simply does not show error on this discretionary determination.

## HUSBAND'S APPEAL

The husband first argues the trial court erred in its valuation of the marital estate because it used the date of separation as the date for valuing the property. We agree. Section 20-7-473, Code of Laws of South Carolina, 1976, as amended, defines marital property as all real and personal property acquired by the parties during the marriage and which is owned by the parties "as of the date of filing or commencement of marital litigation." The wife argues the statute was complied with because marital litigation began in 1977 with the entering of the Nisi order. She further claims the trial judge valued the property as of the date of the 1977 Nisi order.

The wife's argument is an ingenious one. We reject it,

however, as contrary to the intent of the Legislature. We hold that the kind of marital litigation required to trigger the statute must be the same litigation which brings about the equitable division. It is not enough that the parties in the past engaged in some litigation if that litigation did not serve as the vehicle for the equitable division. We therefore remand the equitable division of the real property to the trial court for redetermination. In so doing we point out to the trial court that some consideration should be shown the wife for her contribution to the increase in the value of the house after the separation.

The husband next argues the trial court erred in failing to identify, value, and distribute the personal property of the parties. The husband is precluded from asserting this position on appeal. As noted above, the Statement of the Case clearly states the personal property of the parties was equally divided by agreement of the parties. *See Crown Land Corp. v. Lester Bros., Inc.*, 261 S. C. 163, 199 S. E. (2d) 69 (1973) (agreed statement of case binding on the parties).

Finally, the husband complains the trial court order is deficient because it does not consider all of the statutory factors in making the division and because it does not set forth the salient facts upon which the equitable distribution is based. Because we remand for a redetermination of the equitable distribution award of the real property, these issues are now moot.

Affirmed in part, reversed in part, and remanded.

SANDERS, C. J., and SHAW, J., concur.