THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rudolph Lee Smith,       
Respondent,
 
 
 

v.

 
 
 
Robin Smith,       
Appellant.
 
 
 

Appeal From Dorchester County
William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2004-UP-588
Submitted October 1, 2004  Filed November 29, 2004

AFFIRMED

 
 
 
Susan Trout Kinard, of Mt. Pleasant, for Appellant.
Donna K. Taylor, and Susan King Dunn, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this divorce case, Robin Smith (Wife) asserts on appeal that the family court erred in: equitably apportioning the marital property; accepting Rudolph Lee Smiths (Husband) valuations of property; failing to value certain property before apportionment; and granting Husband a divorce based upon adultery.  We affirm the order of the family court.[1]   
FACTS
Husband and Wife were married in 1974, when Wife was 16 and Husband was 19.  The marriage produced two sons.  The oldest is emancipated.  Custody of the youngest, Alex, has been shared between the parents since April 2000.  
At the beginning of the marriage, Wife finished high school, cared for the home and children, and worked at part-time, minimum wage jobs.  Husband dropped out of high school in the ninth grade and received no further education.  Husband has been employed full-time in construction for the duration of the marriage except for two periods when he was unable to work due to injury.    
In 1981, Wife joined the Air Force Reserves.  In 1991, Wife obtained full-time employment as a civil servant with the Reserves.  Wife accrued Air Force Reserve Retirement benefits during this time.  Before Wife was employed full-time, she earned less money than Husband.  Husband testified that her income had been roughly the same as his since she began working as a civil servant.  Wife testified that her income was less than Husbands when she first began to work full-time.  It is undisputed, however, that Wife earned at least as much as Husband during the last five years of the marriage, and that her income exceeded Husbands by $1,000 per month at the time of trial.   
During the marriage the couple opened a checking account.  Each deposited an equal amount of approximately $500 every two weeks.  All household expenses were paid from this account.  Funds in the account were used to purchase a mobile home, the marital lot, and real property in White Hall.  Any money not placed in the account remained in the possession of the earner.  Husband used his extra funds to invest in stocks, IRAs, and real property.  Wife used her funds to purchase a car, clothing, and food.  She also spent $4,000 of her funds on liposuction and breast enhancement.  
The breakup of the marriage occurred on October 31, 1999.  Wife had previously asked to separate, but Husband did not agree until she returned from a weekend trip with a new negligee and an unopened box of condoms in her suitcase.  Wife testified that these items were meant to test her husband, but the family court found the testimony was not credible.  Wife left the marital home that night and did not return.  
In April of 2000, Wife filed an action for separate support and maintenance.  Husband answered and counterclaimed.  He also requested an order for separate support.  A pendente lite order was issued on May 30, 2000.  
In October 2000, Husband filed a separate action for divorce on the ground of adultery and sought equitable distribution of the parties property.  Wife filed an answer and counterclaim, raising the affirmative defense of recrimination.  The two cases were consolidated for trial.
The parties stipulated to the values of the liquid marital assets, the mobile home, the White Hall lot, and the cemetery plots.  The value of the marital lot, the Georgia property, and the two automobiles were in dispute.  The couple also owned three time-shares, but neither offered any evidence as to value.  The amount of marital debt was also contested.  At issue at trial was the value of the contested items and how they were to be apportioned between the parties.    
The family court granted Husband a divorce on the ground of adultery.  Wife was awarded 35% of the marital assets, and Husband was awarded 65% of the assets.  Husband was also awarded 65% of Wifes Air Force Reserve Retirement account accrued during the marriage.  Neither party made any post-trial motions.  Wife appeals the family courts order.       
STANDARD OF REVIEW
In appeals from family courts, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  This broad scope of review does not, however, require this court to disregard the findings of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Neither is the court required to ignore the fact that the family court judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).  Further, the equitable apportionment of marital property rests with the sound discretion of the family court judge, whose conclusion will not be disturbed absent a showing of abuse of discretion.  Rogers v. Rogers, 280 S.C. 205, 207, 311 S.E.2d 743, 744 (Ct. App. 1984).
LAW/ANALYSIS
I. EQUITABLE APPORTIONMENT
Wife contends the family court abused its discretion and committed an error of law in awarding her only 35% of the marital estate because the court did not consider all the factors and erred in considering her adultery and economic misconduct.  She also asserts the court erred in awarding Husband 65% of her military retirement benefits earned during the marriage.  We disagree.  
Section 20-7-472 lists fifteen factors for the court to consider in equitably apportioning a marital estate.  S.C. Code Ann. § 20-7-472 (Supp. 2003); Greene v. Greene, 351 S.C. 329, 340, 569 S.E.2d 393, 399 (Ct. App. 2002).  When reviewing the family courts equitable apportionment, this Court looks to the fairness of the overall apportionment.  If the end result is equitable, it is irrelevant that this Court might have weighed specific factors differently than the trial judge.  Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988) (citations omitted).  The family courts apportionment of marital property will not be disturbed on appeal absent an abuse of discretion.  Bragg v. Bragg, 347 S.C. 16, 23, 553 S.E.2d 251, 255 (Ct. App. 2001).  This court will affirm the family court judge if it can be determined that the judge addressed the factors under section 20-7-472 sufficiently for us to conclude he was cognizant of the statutory factors. Jenkins v. Jenkins, 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001).
A. Adultery
Wife testified at trial that she wanted to separate from Husband and date other people, and he suggested they continue to live together.  She stated that when she was returning from a weekend trip, she placed a new negligee, with store tags still attached, and an unopened box of condoms in her suitcase.  She wanted Husband to see these items to test whether he was sincere in his declaration that she could live in the marital home but date other people.  Wife stated that she did not begin a sexual relationship with another man until August 2000, which was two months after the pendente lite order.  Husband obtained evidence of this relationship in September 2000 by hiring a private investigator to follow Wife.  This evidence was introduced at trial.  
In the final order, the family court found Wifes explanation of the negligee and condom was not credible and that she had the opportunity and the inclination to commit adultery.  The court also noted the date of the parties marriage, Husbands prudent investments, Wifes economic misconduct, the value of the marital property, the parties earning capacities, various retirement funds the parties owned, and marital debt.  The final order noted that the family court considered all the factors found in section 20-7-472, particularly Wifes fault in the break-up of the marriage and her economic misconduct.  
Citing South Carolina Code section 20-7-472(2)(a), Wife argues the family court erred in considering adultery as a reason to punish her in the division of the marital estate because the only proof at trial was of a relationship commencing after the pendente lite order.  Section 20-7-472(2)(a) provides that evidence of personal misconduct, which would normally be relevant in equitably dividing martial property, shall not be considered in the division if such conduct shall have taken place subsequent to the happening of . . . entry of a pendente lite order in a divorce or separate maintenance action . . . .  S.C. Code Ann. § 20-7-472(2)(a) (Supp. 2003).  
While Wife is correct that family courts in general should not consider adultery after the pendente lite order in equitably dividing the property, nothing in the record indicates that Wife raised this issue before the family court in a post-trial motion.  Accordingly, this issue is not preserved for our review.  See McDavid v. McDavid, 333 S.C. 490, 497, 511 S.E.2d 365, 368-69 (1999) (holding an issue not raised to or ruled on by the family court should not be considered by the appellate court).  
In any event, the negligee incident, occurring after Wife asked to separate from Husband and after she went away for a weekend, was evidence supporting the family courts finding of opportunity and inclination to commit adultery during the marriage.  We find no abuse of discretion in the consideration of adultery in dividing the marital estate.
B. Economic misconduct
Wife complains the family court erred in considering her spending habits in dividing the marital property.  Although the parties contributed to a family fund and each invested their remaining money as they saw fit, Wife spent her money on clothes, shoes, liposuction, breast enhancement, and trips.  Evidence at trial indicated Wifes clothes and shoes filled a garage such that a car could not pull into the garage.  Husband testified he invested money for the couples future in IRAs, CDs, BellSouth stocks, and real property in Georgia.  Thus, the family courts finding that Wife was guilty of economic misconduct while Husband invested wisely is supported by the record.  Further, Wife failed to raise the consideration of economic misconduct to the family court in a post-trial motion.  Thus, this issue is not preserved for appellate review.  McDavid, 333 S.C. at 497, 511 S.E.2d at 368-69.
C. Award of military retirement benefits
Wife argues the family court erred in awarding Husband 65% of her Air Force Reserve Retirement benefits accrued during the parties marriage.  
Wife is correct in her allegation that 65% of her retirement benefits should not be awarded to Husband.  The Uniformed Services Former Spouses Protection Act (USFSPA) provides that no more than 50% of a members military retirement pay can be ordered to be paid to the members former spouse in a divorce or separate maintenance order.  10 U.S.C.A. § 1408(e)(1) (1998); see Coon v. Coon, 356 S.C. 342, 351, 588 S.E.2d 624, 629 (Ct. App. 2003), cert. granted (Oct. 6, 2004) (noting that the USFSPA limits the family courts authority to award more than 50% of military retirement benefits, but it does not infringe upon its subject matter jurisdiction).  However, Wife stipulated that Husband was entitled to a portion of her military retirement benefits at trial, and she failed to object to the percentage awarded in a post-trial motion.  Accordingly, this issue is not preserved for appellate review.  McDavid, 333 S.C. at 497, 511 S.E.2d at 368-69.
D. Consideration of factors
Wife finally argues the family court failed to adequately consider all the factors in equitably distributing the marital estate.  
A family court must consider fifteen factors in equitably dividing marital property:  (1) the length of the marriage and the ages of the parties; (2) the martial misconduct of either party; (3) the value of the marital property; (4) the income and earning potential of each spouse; (5) each partys emotional and physical health; (6) the need of a spouse for training to reach his or her earning potential; (7) each partys nonmarital property; (8) retirement benefits; (9) awards of alimony; (10) whether the marital home should be awarded to one spouse; (11) the tax consequences of a particular distribution; (12) the existence of support obligations from prior marriage; (13) liens or encumbrances on marital property and any debt; (14) child custody arrangements; and (15) any other relevant factor the trial court enumerates in the order.  S.C. Code Ann. § 20-7-472 (Supp. 2003).
The evidence indicates the family court adequately considered all the statutory factors in equitably dividing the marital assets and debts.  The final order noted the length of the marriage, the marital misconduct of Wife, Husbands prudent investments, Wifes economic misconduct, the value of the marital property, the parties earning capacities, various retirement funds the parties owned, and marital debt.  The order specified that the family court considered the fifteen factors found in section 20-7-472.  Although the parties in the present case had a long marriage and each party contributed financially to the marriage, we find, based on the factors considered by the family court, that the actual distribution of assets and debts was equitable in this case.  
II. VALUATION OF PROPERTY AND DEBT
Wife next argues the family court erred in adopting Husbands property and debt valuations, failed to value other property before apportionment, and made a mathematical error when it distributed the property.  We find no error.
A.  Adopting Husbands valuations
There was conflicting testimony as to the value of the marital lot and the real property located in Georgia.  Husband submitted the 2000 tax assessment for the marital lot that valued the property at $11,000.  Wife testified that sales figures from comparable lots in the neighborhood indicated that the lot had a value of between $16,000 and $17,000.  The value of the real property located in Georgia was also in dispute.  Husband submitted a tax assessors notice that showed the fair market value of the lot at $20,000.  Wife testified that the property was worth $32,000.  Each asserted that the value proffered was the value on the date of the commencement of the action.
In both instances the family court relied on Husbands figures for the purpose of equitable apportionment.  When equitably apportioning property, the family court may accept one partys valuations of marital property over those of the other party.  Smith v. Smith, 294 S.C. 194, 198, 363 S.E.2d 404, 407 (Ct. App. 1987).  The weight the family court affords the testimony of witnesses, including parties, is within its discretion.  Id.  There is sufficient evidence in the record to support the family courts order adopting Husbands valuations.   Thus, we find no abuse of discretion.  
B. Valuation of marital debt  
Wife next asserts that the valuation of the parties marital debt was in error.  We disagree.
There is a rebuttable presumption that debt incurred by either party prior to marital litigation is marital debt subject to equitable apportionment.  Hickum v. Hickum, 320 S.C. 97, 102, 463 S.E.2d 321, 324 (Ct. App. 1995).  [T]he same rules of fairness and equity which apply to the equitable division of marital property also apply to the division of marital debts.  Id. at 102, 463 S.E.2d at 324.  The burden of proving a spouses debt as non-marital rests upon the party who makes such an assertion.  Id. at 102, 463 S.E.2d at 324.  In this case, the burden is on Wife.
The family court found that each party took a certain amount of debt with them at the time of separation.  Wife took $16,856, and Husband took $24,000.  Wife argues that the evidence supports the amount of her debt, but not the amount of Husbands debt.  Wife contends $14,430 of the debt was accrued post-separation, and the family court abused its discretion when this amount was included in the marital estate.  Husband testified that the entire $24,000 debt was accrued before the parties separated.  It was within the family courts discretion to accept Husbands testimony even though Wife offered conflicting testimony.  We find no abuse of discretion.  
C. Valuation of time shares
Wife next argues it was error for the court to apportion two time-shares without valuing the property.  
Neither party introduced evidence regarding the time-shares value.  The family court is not required to value property before equitable apportionment when neither party offered any evidence as to that propertys value.  A party may not complain to this court that the trial courts valuation is unsupported by the evidence without offering proof of value at trial.  Roe v. Roe, 311 S.C. 471, 479, 429 S.E.2d 830, 836 (Ct. App. 1993).  Case law indicates that the family court judge should first attempt an in-kind distribution. 
Wooten v. Wooten, 358 S.C. 54, 62, 594 S.E.2d 854, 858 (Ct. App. 2003).  
The parties obtained two time-shares during the marriage.  One was a two-week block of time and the other was for one week.  The parties submitted the time-shares for equitable apportionment, but neither party offered any evidence concerning value.  The court divided the asset in kind pursuant to the 65%/35% by awarding Husband the two-week time share and Wife the one-week time share.  We find there is no abuse of discretion in this decision.  
D. Mathematical error
Wife asserts a mathematical error was made when allocating the property among the parties according to the 65%/35% apportionment.  
This issue is not preserved for appellate review.  Wife did not raise the issue of an error in mathematical calculations to the family court in a post-trial motion.  As the issue was not raised to the family court for correction, it is not appropriately before this court on appeal.  McDavid, 333 S.C. at 497, 511 S.E.2d at 368-69.  
III.  RECRIMINATION
Wife argues the family court abused its discretion in granting a divorce on the ground of adultery and assessing the cost of a private investigator against her because she pled the affirmative defense of recrimination in her answer.  We find the issue is not preserved for our review.
Recrimination is a defense to an action for divorce if the acts of recrimination charged constitute in themselves a ground for divorce.  Bakala v. Bakala, 352 S.C. 612, 634, 576 S.E.2d 156, 167 (2003).  In order to bar the Husband from receiving a divorce on the ground of adultery, the Wife must have proven at trial that she was entitled to a divorce on a fault ground.  Wife asserted the defense of recrimination in her answer and counterclaim, alleging Husband committed adultery.  However, Wife offered no evidence at trial concerning adultery on the part of Husband.  The only remote reference to adultery in the record is Wifes testimony, Lee told me that he was getting married.  This testimony alone is not proof of adultery, and it would not support the defense of recrimination.  
Further, Wife failed to argue the defense of recrimination to the family court and failed to raise the courts failure to rule on the issue in a post-trial motion.  Because the defense of recrimination was not ruled upon by the family court, it is not preserved for our review.  McDavid, 333 S.C. at 497, 511 S.E.2d at 368-69.  
CONCLUSION
Wife failed to preserve for review the questions of whether the family court erred in: considering Wifes post-pendente lite relationship and spending on plastic surgery in equitably dividing the marital estate; awarding Husband 65% of Wifes military retirement benefits; computing the amount of the marital estate representing a 65%/35% split; and failing to recognize Wifes defense of recrimination.  Based on the record, we find the family court considered all the equitable distribution factors and did not abuse its discretion in making a 65%/35% split of the marital estate.  The family court further did not abuse its discretion in adopting Husbands valuation of the marital estate and marital debts and in failing to place a value on the time shares.  Accordingly, the final order of the family court is 
 AFFIRMED.
STILWELL, BEATTY, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.