THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Karen Marie Lowe,       
Respondent,
 
 
 

v.

 
 
 
Robert Donald Lowe,       
Appellant.
 
 
 

Appeal From Greenville County
Timothy L. Brown, Family Court Judge

Unpublished Opinion No.    2005-UP-002
Heard November 16, 2004  Filed January 
 7, 2005

AFFIRMED

 
 
 
John B. Duggan, of Greer, for Appellant.
William James Barnes, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this appeal from a divorce 
 action, Robert Donald Lowe (Husband) appeals the division of marital property, 
 the amount of alimony awarded to him, and the denial of his request for attorneys 
 fees.  We affirm pursuant to Rule 220, SCACR, and the following authorities:
1.  The family court did not err in denying Husband 
 a special equity interest in the marital home: Greene v. Greene, 351 
 S.C. 329, 338, 569 S.E.2d 393, 398 (Ct. App. 2002) (stating that property acquired 
 by either party prior to the marriage can be transmuted into marital property 
 if, among other things, it is utilized by the parties in support of the marriage 
 or in some other manner so as to evidence an intent by the parties to make it 
 marital property.); Jenkins v. Jenkins, 345 S.C. 88, 100, 545 S.E.2d 
 531, 537 (Ct. App. 2001) (explaining that the appellate court looks at the fairness 
 of the overall equitable distribution, and if the end result is equitable, it 
 will affirm).
2.  The issues of whether the family court erred (1) 
 in failing to include, value, and equitably divide marital personal property 
 and debt of the parties and (2) by holding that the passive increase in the 
 value of [Wifes] retirement account after this action was commenced was a non-marital 
 asset are not preserved for review: Wilder Corp. v. Wilke, 330 S.C. 
 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be 
 raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review.).
3.  The family court did not err by including Husbands 
 retirement account in the marital estate: Hickum v. Hickum, 320 S.C. 
 97, 100, 463 S.E.2d 321, 322-323 (Ct. App. 1995) (reaffirming the proposition 
 that retirement plans are includable as marital property subject to division). 

4.  The family court did not commit reversible 
 error by awarding Wife fifty percent of the marital estate:  S.C. Code Ann. 
 § 20-7-472 (vesting the family court with the discretion to decide which weight 
 should be assigned to the various factors of equitable apportionment); Jenkins, 
 345 S.C. at 100, 545 S.E.2d at 537 (This court will affirm the family court 
 judge if it can be determine that the judge addressed the factors under section 
 20-7-472 sufficiently for us to conclude he was cognizant of the statutory factors.). 

5.  The family court did not err in determining 
 the amount of alimony awarded to Husband: S.C. Code Ann. § 20-3-130 (Supp. 2003) 
 (vesting the family court with the discretion to decide which weight should 
 be assigned to the various factors that should be considered when awarding alimony); 
 Allen v. Allen, 347 S.C. 177, 186, 554 S.E.2d 421, 425 (Ct. App. 2001) 
 (Our inquiry on appeal is not whether the family court gave the same weight 
 to particular factors [used to determine alimony] as this court would have; 
 rather, our inquiry extends only to whether the family court abused its considerable 
 discretion in assigning weight to the applicable factors.); Bryson v. Bryson, 
 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. App. 2001) (Questions concerning 
 alimony rest with the sound discretion of the family court.  An abuse of discretion 
 occurs when the decision is controlled by some error of law or is based on findings 
 of fact that are without evidentiary support.).
6.  The family court did not err when 
 it denied Husbands request for attorneys fees: Donahue v. Donahue, 
 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989) (An award of attorneys fees 
 and costs is a discretionary matter not to be overturned absent abuse by the 
 trial court.); Griffith v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 
 534 (Ct. App. 1998) (explaining that, when determining whether to award attorneys 
 fees, the family court should consider (1) each partys ability to pay his or 
 her own fee, (2) the beneficial results obtained by the attorney, (3) the parties 
 respective financial conditions, and (4) the effect of the attorneys fee on 
 each partys standard of living).  See Messer v. Messer, 359 S.C. 
 614, 633, 598 S.E.2d 310, 320 (Ct. App. 2004) (refusing to find an abuse of 
 discretion as to the award of attorneys fees when the family court analyzed 
 each of the factors, detailed its findings in its final order, and those findings 
 were supported by affidavits).
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, 
 JJ., concur.