THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
JoAnn C. Hardin,       
Respondent,
 
 
 

v.

 
 
 
Thomas L. Hardin, and Cheryl Hardin f/k/a Cheryl D. Watts,       
Defendants,
Of whom Thomas L. Hardin is the,       
Appellant.
 
 
 

Appeal From York County
Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2005-UP-215
Submitted March 1, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
James W. Boyd, of Rock Hill, for Appellant.
Jane M. Randall and Thomas F. McDow,both of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Thomas L. Hardin (Husband) appeals from the final order of the family court awarding JoAnn C. Hardin (Wife) one-half of the parties retirement accounts, alimony in the amount of $400 per month, and attorneys fees.  We affirm.
FACTS
The parties married in 1984 and separated in 1993.  While still married to Wife, Husband entered a ceremonial marriage with defendant Cheryl Watts.  Wife filed an action in 2001, seeking a divorce on the grounds of adultery, alimony, equitable division of the marital property, and attorneys fees.  Watts was named a defendant due to her joint ownership with Husband of property, which Wife sought to have declared marital property.  
The family court granted Wife a divorce on the ground of adultery.  The court determined the parties retirement accounts were the only marital property to be divided.  The court divided the accounts equally, with Wife retaining her account and being entitled to a share of Husbands larger account.  Wife was awarded $400 in alimony and $3,500 in attorneys fees.  This appeal followed.
STANDARD OF REVIEW
In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence. Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  However, this broad scope of review does not require us to disregard the family courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Miles v. Miles, 355 S.C. 511, 516, 586 S.E.2d 136, 139 (Ct. App. 2003).
LAW/ANALYSIS
I.      
Equitable Division of Retirement Accounts
Husband contends the family court erred in awarding Wife over $16,000 in Husbands retirement funds because the parties were separated for over ten years.  Additionally, he contends the family court failed to properly consider the fifteen relevant factors for equitably dividing the parties marital property.  We disagree. 
First, we note these issues may not be preserved for appellate review.  While Husband contested the equitable division during trial, he never specifically raised the issue of the family courts failure to consider the fifteen factors under section 20-7-472 of the South Carolina Code (Supp. 2004) or Wifes lack of contribution to the retirement accounts.  After receiving the order, he was required to raise the issues before the family court in a motion to alter or amend pursuant to Rules 52 and 59, SCRCP.  See Bakala v. Bakala, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) (finding issue raised for the first time on appeal is not preserved for review by appellate court when it could have been raised by a Rule 59(e) motion).
Additionally, the claim fails on its merits.  The family courts order specifically stated:  [t]hat due to the length of the marriage . . . being over nineteen (19) years, the marital property should be divided equally.  All assets . . . were acquired during the parties marriage and both parties made contributions, either directly or indirectly, to their accumulation.  Additionally, the court noted the considerations governing equitable apportionment of property are governed by S.C. Code Ann. §§ 20-7-471, et seq (1985).  These considerations would include the factors listed under section 20-7-472.  In this regard, we reject Husbands invitation to concentrate on the factor of his direct contributions to the exclusion of the other statutory factors.
Finally, based on our independent review of the record, we find the family court acted well within its discretion in equally dividing the parties retirement accounts.  This was a nineteen-year marriage.  Even though the parties were separated for a number of years, a marriage is not terminated as of the date the parties separate . . . .  Allen v. Allen, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001).  The family court is statutorily mandated to identify and value the marital estate as of the date of commencement of marital litigation.  See S.C. Code Ann. §20-7-473 (Supp. 2004); Shannon v. Shannon, 301 S.C. 107, 111, 390 S.E.2d 380, 382-83 (Ct. App. 1990).  Thus, even if this issue were preserved for review, the equitable division established by the family court is appropriate and is affirmed.
II.      Alimony
Husband asserts the family court erred in calculating the financial needs of Wife and in awarding her $400 in alimony.  We disagree.
An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.   Dearybury v. Dearybury, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002).  Alimony is a substitute for the support which is normally incident to the marital relationship.  Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  The family court judge may grant alimony in an amount and for a term as the judge considers appropriate under the circumstances.  See S.C. Code Ann. § 20-3-130(A) (Supp. 2004).         
Factors considered in making an alimony award include:  (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; and (13) other factors the court considers relevant.  S.C. Code Ann. § 20-3-130(C) (Supp. 2004).  No one factor is dispositive.  Lide v. Lide, 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981).  While it is preferable for the trial court to discuss all relevant factors, we may still affirm if we can discern from the record that the trial court properly considered all appropriate statutory factors.  See Doe v. Doe, 319 S.C. 151, 156, 459 S.E.2d 892, 895 (Ct. App. 1995).
The family court specifically enumerated the factors for making an award of alimony.  See S.C. Code Ann. § 20-3-130 (Supp. 2004).  In its findings, the court focused on the greater income earned by Husband compared to Wifes income.  Additionally, Wifes health impacts her current and future earnings.  Finally, the court calculated that Wife had a deficit of approximately $300 per month after subtracting her expenses from her income.
Husband contends the calculation was in error because it included a period of time in which Wife did not work.  However, while her income may have been higher if she had worked during the entire period, it was clear from the testimony that her health will continue to impact her ability to earn to her maximum potential.  Wife also testified $22,687 was the most she ever made and that was with working overtime.  Her financial declaration shows almost $22,000 in income.  We find the amount listed on her financial declaration and the amount used by the court in its calculations are supported by the evidence in the record.  Accordingly, we find the trial court did not abuse its discretion in awarding Wife $400 per month in alimony, and the award is affirmed.
III.    Attorneys Fees
Husband maintains the family court erred in awarding attorneys fees to Wife because the equitable division should be reversed and because a portion of the litigation involved Watts.  We disagree.
Attorneys fees may be assessed against a party in an action brought in the family court.  See S.C. Code Ann. § 20-7-420(38) (Supp. 2004).  An award of attorneys fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion.  Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004).  In determining whether to award attorneys fees, the court should consider each partys ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties respective financial conditions, and the effect of the fee on each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).
The trial court specifically found the award of attorneys fees was proper because of Husbands adulterous conduct, his greater ability to pay compared to Wife, and the beneficial results obtained by Wife.  Based upon the record, we agree with the findings of the family court.  
Husband points to Sexton v. Sexton, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993), in which the South Carolina Supreme Court found an award of attorneys fees should be reduced by the amount of hourly fees incurred in litigating . . . an issue litigated solely between Wife and a third party.  However, while Watts was named as a party, the record reveals her involvement was minor during the course of trial.  Watts was named because she, along with Husband, owned an interest in property in which Wife sought a determination of whether it was marital property. The issue was not litigated solely between Wife and a third party, but was based upon Husbands ownership of the property.  Additionally, Husband failed to demonstrate the inclusion of Watts in the litigation increased the fee incurred by Wife.  In any event, the joinder of Watts was necessitated by Husbands purported marriage to Watts.  We affirm the family courts award of $3,500 in attorneys fees to Wife.
CONCLUSION
The decision of the family court is 
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.