THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Susan Malinda
 Bolton Lessard, Respondent,
 v.
 Theodore Thomas
 Lessard, III, Appellant.
 
 
 

Appeal From Greenville County
  R. Kinard Johnson, Jr., Family Court
Judge

Unpublished Opinion No. 2009-UP-339
Heard March 4, 2009  Filed June 15, 2009    

AFFIRMED

 
 
 
 Kimberly F. Dunham, of Greenville, for Appellant.
 Robert M. Rosenfeld, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Theodore Lessard (Husband) appeals from a family court
 order apportioning the marital estate, awarding Susan Lessard (Wife) $2,500.00
 per month in alimony, and awarding Wife attorney's and private investigator's
 fees.  We affirm pursuant to Rule
 220(b), SCACR, and the following authorities:  Grant v. S.C. Coastal Council,
 319 S.C. 348, 355-56, 461 S.E.2d 388, 392 (1995) (holding alleged inaccuracies
 in an order are not preserved for appeal where no post-trial motion was filed
 raising such an issue); Simpson v.
 Simpson, 377 S.C. 527, 538, 660
 S.E.2d 278, 283 (Ct. App. 2008) (holding a home was transmuted into marital
 property through the parties' use of it in support of their marriage); Ellerbe v. Ellerbe, 323 S.C. 283, 289, 473
 S.E.2d 881, 884-85 (Ct. App. 1996) (holding that if an order of equitable
 apportionment does not contemplate the sale or liquidation of an asset, the tax
 consequences of such a sale or liquidation should not be considered); Hickum v. Hickum, 320 S.C. 97, 102, 463 S.E.2d 321, 324 (Ct. App. 1995) (finding marital
 debt is debt "incurred for the joint benefit of the parties regardless of
 whether the parties are legally jointly liable for the debt or whether one
 party is legally individually liable."); Honea v. Honea, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A]
 party cannot sit back at trial without offering proof, then come to this Court
 complaining of the insufficiency of the evidence to support the family court's
 findings."); Allen v. Allen, 347 S.C. 177, 186, 544 S.E.2d 421, 425
 (Ct. App. 2001) (holding this court's inquiry in
 reviewing awards of alimony is not whether the family court gave the same
 weight to particular factors as this court would have, but instead whether the
 family court abused its considerable discretion in assigning weight to the
 applicable factors); Doe v. Doe, 319 S.C. 151,
 157, 459 S.E.2d 892, 896 (Ct. App. 1995) (finding an award of attorney's fees is
 within the sound discretion of the family court and absent an abuse of
 discretion, should not be disturbed on appeal); Stevenson v. Stevenson,
 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988) (allowing the reimbursement of
 expenses, including investigator's fess, that are reasonably and necessarily
 incurred in obtaining evidence of a spouse's infidelity).
AFFIRMED.
HEARN, C.J., and PIEPER,
 J., and LOCKEMY, J., concur.